UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANIEL FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-266 |
| ) | |
| PRAIRIE FARMS DAIRY, INC., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff Nathaniel Flowers is bringing this wrongful termination suit under 42 U.S.C. § 1981, against his former employer, Defendant Prairie Farms Dairy, Inc. Upon filing his Complaint, Flowers moved to proceed *in forma pauperis* ("IFP"). (Docket # 3.) That IFP was referred for a Report and Recommendation by District Judge Lozano on September 16, 2013, in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b). After the Court set the Petition for hearing, Flowers filed a motion to amend his IFP application to which he attached an amended IFP application. (Docket # 6.)

On October 1, 2013, this Court held an evidentiary hearing in which Flowers testified in support of his IFP application, detailing his current financial status. (Docket # 8.) Based on that testimony, the undersigned Magistrate Judge recommends GRANTING Flower's Motion to Amend Petition to Proceed IFP and that Flower's Amended Petition to Proceed IFP be shown filed and GRANTED. This Report and Recommendation is based on the following facts and principles of law.

## II. FINDINGS OF FACT

Flowers testified that he filled out the initial Petition to proceed IFP without assistance, and since he had no job, no money and no assets he simply answered most questions as "N/A" (*i.e.*, Not Applicable). That application does not square with Flowers's Complaint, however, since he asserts there that he was fired in November 2012, but responds to the question concerning his employment within the previous twelve months—which encompasses November 2012—as N/A. In Section 2 ("Employer"), Flowers wrote "Forge"—the temporary agency which assigned him to the Defendant in this case—but did not provide his Gross Monthly Pay. Flowers testified that when filling out the IFP application, he believed he was being asked about any income *after* his employment with the Defendant since the Court presumably knew—via his complaint—that he was terminated in November 2012.

In his amended application, Flowers provided his relevant employment history with Forge and stated that he was employed from February to November 2012 and made $2,800 per month. Flowers testified that he now lives with friends or his mother, gets meals at his mother's house or at the Rescue Mission, and that his phone is paid for by his girlfriend.

Flowers testimony reaffirms the information in his amended application. Flowers is currently not employed, has no income from other sources, and has no assets. Finally, Flowers testified that he is unable to currently pay the filing fee, and has no prospective job opportunities despite continued efforts to obtain employment.

## III. CONCLUSIONS OF LAW

The IFP statute makes it possible for a person to bring claims or assert defenses in federal court even if that person is unable to afford the fees and costs of litigation. *See* 28 U.S.C. § 1915(a)(1). To prevent abuse through the filing of false claims of indigency, the statute is

guarded by a severe sanction: if "the allegation of poverty is untrue" then "the court shall dismiss the case." *Palmer v. Dollar Tree*, No. 10 C 7340, 2012 WL 4795720, at *2 (N.D. Ill. Oct. 9, 2012) (quoting 28 U.S.C. § 1915(e)(2)(A)).

Despite the statute's apparent mandatory language, the Seventh Circuit Court of Appeals and district courts have indicated some leeway in imposing the sanction of dismissal. *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000) (declining sanction of dismissal because plaintiff had not "reaped the benefits of *in forma pauperis* status"); *Moorish Nat'l Republic v. City of Chicago*, No. 10 C 1047, 2011 WL 1485574, at *6 (N.D. Ill. Apr. 18, 2011) (imposing monetary sanction rather than dismissal); *Bray v. United Water*, 2:10-CV-157, 2010 WL 5231315, at *3 (imposing non-monetary sanction rather than dismissal). The cases indicate that "§ 1915(e)(2) requires the sanction of dismissal only when a petitioner says that she is indigent when [he] is not." *Palmer*, 2012 WL 4795720, at *4. Thus, a misstatement in an IFP application can qualify as harmless when the petitioner is actually indigent. *Id.* at *3-4.

In this case, Flowers failed to correctly answer the employment question on his first IFP application, but he promptly amended it to provide the correct information and his omission was reasonable. Moreover, Flowers's allegation of poverty is true. Accordingly, since Flowers is truly indigent, it is recommended that his amended IFP application be shown filed and granted.

## IV. CONCLUSION

Based on the previous findings of fact and conclusions of law, I recommend that the Plaintiff's Motion to Amend Petition to Proceed IFP be GRANTED, that Flower's Amended Petition to Proceed IFP be shown filed and GRANTED, and his initial Petition be DENIED as moot.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for Plaintiffs and Defendant. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Enter for the 2nd day of October, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge